Gary P. BILLER, Plaintiff–Appellee,

v.

**PETER RODGERS ORGANIZATION, LTD., a California corporation, Defendant,**

and

**Maljack Productions, Inc., an Illinois corporation, d/b/a MPI Media Group, Defendant–Appellant.**

Gary P. Biller, Plaintiff–Appellant,

v.

Peter Rodgers Organization, Ltd., a California corporation Maljack Productions, Inc., an Illinois corporation, d/b/a MPI Media Group, Defendants–Appellees.

Nos. 06–56626, 06–56673.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2008.

Filed May 30, 2008.

Peter J. Anderson, Esq., Peter J. Anderson Law Offices, Santa Monica, CA, for Plaintiff–Appellee.

Joseph F. Hart, Esq., Donaldson & Hart, Los Angeles, CA, for Defendant.

John J. Arado, Esq., Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant–Appellant.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM [*]

Maljack Productions, Inc. appeals the district court's grant of summary judgment holding that Maljack infringed Gary P. Biller's copyright of the movie "Richard Pryor Live in Concert." Biller cross-appeals the district court's damages calculation. We have jurisdiction under 28 U.S.C. § 1291.

Maljack fails to present any specific facts proving that Biller authorized, either orally or in writing, any agent to approve a three-year license extension with Maljack. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995). Maljack waived its ratification and apparent authority arguments by raising them for the first time in its reply brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").[1] The district court's grant of summary judgment as to liability is affirmed.

The district court erred in awarding $12,000 in costs to Biller because Biller did not file a bill of costs. *See* 28 U.S.C. § 1920; C.D. Cal. R. 54–3. However, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we hold that Maljack failed to raise sufficient evidence that Biller approved a three-year license extension either orally or in writing, we do not reach the issue of whether 17 U.S.C. § 204(a) requires an agent's authority to be in writing.

issue may be moot if Peter Rodgers Organization has satisfied the cost award. On the other hand, it may *not* be if, as Maljack claims in its response brief, it owes indemnity to Peter Rodgers Organization. *See Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). Thus, the cost award is remanded to the district court to determine if the question of costs is moot. If it is not moot, the cost award against Maljack should be vacated.

The district court abused its discretion in allowing, over objection, testimony about Maljack's estimated costs. Maljack failed to provide documents supporting those costs, despite repeated demands. It is clear from the record that, as one would expect of a sizeable business organization, *some* documents indicative of the prices paid for the items claimed existed, even if on a *gross* rather than item-by-item basis. Without such evidence, Maljack failed to satisfy its burden of proving that its expenses are deductible. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 514 (9th Cir.1985) ("Any doubt as to the computation of costs or profits is to be resolved in favor of the plaintiff."). The district court's damages calculation is reversed and remanded for recalculation of damages excluding Maljack's claimed $537,265 in duplication, packaging, marketing, advertising and sales commission expenses.

The costs on appeal are awarded to Gary P. Biller.

**AFFIRMED in part; REVERSED and REMANDED in part.**